IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID THOMPSON and<br>AISHA THOMPSON, h/w,<br><br>Plaintiffs,<br><br>vs.<br><br>MACY'S NORTHEAST, INC. trading<br>and d/b/a MACY'S and<br>FEDERATED DEPARTMENT<br>STORES, INC. d/b/a<br>CT Corporation System<br><br>Defendants. | CIVIL ACTION<br><br>NO. 02-CV-4656 |

## OPPOSITION TO MOTION TO REMAND

Defendants, Federated Department Stores, Inc. ("Federated") and Macy's Northeast, Inc. ("Macys"), by and through its counsel, Norman W. Briggs, Esquire, hereby files this Opposition to Plaintiffs' Motion to Remand. As grounds for the Opposition. Macy's and Federated state as follows:

1.  On or about March 19, 2002, David Thompson and Aisha Thompson ("Plaintiffs") filed a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania entitled <u>David Thompson and Aisha Thompson v. Macy's Northeast, Inc. trading and doing business as Macy's and Federated Department Stores, Inc. d/b/a/ Macy's</u>, March Term, 2002, Docket No. 002795. A time and correct copy of the Complaint is attached hereto and incorporated herein by reference as Exhibit "A."

2. On July 8, 2002, a Case Management Conference was held in the Court of Common Pleas of Philadelphia County, Pennsylvania. Counsel for Plaintiffs made a demand of $85,000.00, referenced in the Case Management Conference of record. A true and correct copy of the Case Management Conference Memorandum of record is attached hereto and incorporated by reference by Exhibit "B."

3. On July 12, 2002, Defendants filed a Notice of Removal with this Court. A true and correct copy of the Notice of Removal is attached hereto and incorporated herein by reference as Exhibit "C."

4. On August 5, 2002, Plaintiffs filed a Motion for Remand with this Court. A true and correct copy of the Motion to Remand is attached hereto and incorporated by reference as exhibit "D."

5. The Complaint could have been filed with this Court pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship among Plaintiffs and Macy's and Federated, and the jurisdictional amount is satisfied.

6. Plaintiffs are residents of Philadelphia, Pennsylvania. See Complaint ¶ 1, attached hereto as Exhibit "A."

7. Macy's is an Ohio corporation with a principal place of business in the State of New York.

8. Federated is a Delaware corporation with a principal place of business in the State of Ohio.

9. Therefore, complete diversity indeed exists and is not "unknown," as Plaintiffs claim in ¶¶ 6-8 of their Motion to Remand.

10. As set forth in Plaintiffs' Case Management Memorandum, the matter in controversy exceeds the sum or value of $75,000.00.

11. The Complaint sets forth the following courses of action: Count I--Negligence (David Thompson v. Macy's Northeast, Inc. and Federated Department Stores, Inc.); Count 11 - Loss of Consortium (Aisha Thompson v. Macy's Northeast, Inc. and Federated Department Stores, Inc.).

12. On July 8, 2002 at the Case Management Conference in the Court of Common Pleas of Philadelphia County, Pennsylvania, counsel for Plaintiffs made a demand of $85,000, referenced in the Case Management Conference Memorandum. Counsel for Plaintiffs has made a misrepresentation to this Court by stating in the Motion to Remand that "While settlement negotiations took place on July 8, 2002, no written demand then or ever has been made of Defendants." Exhibit "B." demonstrates that an $85,000 demand was made by Plaintiff's counsel.

13. For Count I, Plaintiff David Thompson demands judgment in its favor and against Macy's and Federated "in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus costs and delay changes. See Exhibit "A."

14. For Count II, Plaintiff Aisha Thompson demands judgment in its favor and against Macy's and Federated "in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus cost and delay damages. See Exhibit "A."

15. A defendant can establish the amount in controversy by a preponderance of the evidence based on the allegations of a complaint. Hayfield v. Home Depot U.S.A., Inc., 168 F. Suup.2d.436 (E.D.Pa.2001), quoting Angus v. Shortey, Inc., 989 F.2d 142, 145 (3d Cir. 1993).

16. In this matter, Plaintiff David Thompson alleges that "…because of the negligence of Defendants…Plaintiff has sustained injuries…all of which caused him great pain and agony and prevented him and probably will in the future prevent him

from attending to his daily activities and labors to his great detriment and loss." See Exhibit "A" at ¶ 11.

17.     Plaintiffs do not suggest that they intended to limit themselves to a recovery exceeding $50,000.00 but less than $75,000.00.  See Hayfield at 436, 3.

18.     Based upon the $85,000.00 demand contained in the Case Management Memorandum (Exhibit "B") in conjunction with the allegations of Plaintiffs, the preponderance of the evidence clearly shows that plaintiffs seek more than $75,000.00 in damages.

19.     The procedure for removal under 28 U.S.C. § 1446(b) states that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order **or other paper from which it may be first asceaained that the case is one which is or has become removable**..." 28 U.S.C. §1446(b) (emphasis added).

20.     The Notice of Removal was timely filed within thirty (30) days from when it was first ascertained at the Case Management Conference on July 8, 2002, that the amount in controversy exceeded $75,000.00, therefore making it timely under 28 U.S.C. § 1446(b).

21.     Under 28 U.S.C. § 1441 the prerequisite for removing this case states, "Any civil action of which the district courts have original jurisdiction founded in a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of both parties. **Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."** 28 U.S.C. §1441 (emphasis added).

22.   It is clear from the pleadings that the parties are diverse.

23.   If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to present briefs and oral arguments in support of its position that the case is removable.

24.   Defendants are seeking attorneys' fees because of Plaintiffs' counsel's misrepresentation that no written demand in excess of $75,000.00 was made. The Case Management Conference of record demonstrates that an $85,000.00 demand was made by Plaintiff's counsel.

25.   In the alternative, if the Court chooses to remand the case, Defendants request that the Remand Order contain a provision that the Plaintiffs' damages be capped at $75,000.00.

WHEREFORE, Defendants, Macy's Northeast, Inc. and Federated Department Stores, Inc. oppose Plaintiffs' Motion to Remand and desire to remove this case to the United States District Court for the Eastern District of Pennsylvania, being the district and division of said Court for the county in which said action is pending and request that Plaintiffs' Motion to Remand be denied and Defendants Notice of Removal affect the removal of this suit to this Court.

Respectfully submitted,

FREY, PETRAKIS, DEEB, BLUM,
BRIGGS & MITTS, P.C.


BY: _____
Norman W. Briggs, Esquire
Kelly A. Crossman, Esquire
Attorney I.D. Nos. 60940/84668
1601 Market Street, Sixth Floor
Philadelphia, PA  19103
(215) 563-0500

DATED: _____