IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID THOMPSON and<br>AISHA THOMPSON | : CIVIL ACTION<br>:<br>: |
| vs. | : NO. 02-CV-4656<br>: |
| MACY'S NORTHEAST, INC. trading<br>and d/b/a MACY'S and<br>FEDERATED DEPARTMENT<br>STORES, INC. d/b/a MACY'S | :<br>:<br>:<br>:<br>: |

**ORDER**

    **AND NOW**, this            day of                  , 2002, it is hereby **ORDERED** that Plaintiffs' Motion To Remand is **GRANTED.** All costs associated with Plaintiffs' filings with regard to the remand issue, including attorney's fees, are to be paid by Defendants.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID THOMPSON and<br>AISHA THOMPSON<br><br>vs.<br><br>MACY'S NORTHEAST, INC. trading<br>and d/b/a MACY'S and<br>FEDERATED DEPARTMENT<br>STORES, INC. d/b/a MACY'S | : CIVIL ACTION<br>:<br>:<br>: NO. 02-CV-4656<br>:<br>:<br>:<br>:<br>: |

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' OPPOSITION
TO MOTION TO REMAND**

1. Admitted.

2. Admitted in part. Denied in part. It is admitted only that on July 8, 2002, a Case Management Conference was held in the Court of Common Pleas of Philadelphia County, Pennsylvania. It is specifically denied however, that Plaintiffs made the written demand of $85,000.00 that is referenced in the Case Management Conference Memorandum. To the contrary, when Defendants filed their Notice Of Removal, they failed to provide the Court with the Case Management Conference Memorandum. It is believed and therefore averred that the reason for that failure is that the demand and offer portion of the Memorandum remained blank. Indeed, the blank Memorandum was provided to the Court by Plaintiffs with their Motion To Remand. Therefore, the inescapable conclusion is that the Memorandum was altered <u>after</u> the Case Management Conference. By way of further answer, and pursuant to Plaintiffs' counsel's Affidavit attached hereto as Exhibit "A", neither Plaintiffs' counsel nor anyone acting on his behalf placed a demand on the Case Management Conference Memorandum. Therefore, strict proof is demanded.

3-4. Admitted.

5. Denied. It is specifically denied that the Complaint could have been filed with this Court as alleged. Therefore, strict proof is demanded.

6. Admitted.

7-8. Denied. After reasonable investigation, Plaintiffs are without sufficient knowledge or information to form a belief as to the truth or falsity of this averment. Therefore, strict proof is demanded.

9. Denied. The conclusion that complete diversity exists is specifically denied. Therefore, strict proof is demanded.

10. Denied. It is specifically denied that the matter in controversy exceeds the sum or value of $75,000.00. Therefore, strict proof is demanded. By way of further answer, *see* Plaintiffs' Motion To Remand and paragraph 2 herein.

11. Admitted.

12. Denied. The allegations contained in this paragraph are specifically denied. Therefore, strict proof is demanded. By way of further answer, *see* Plaintiffs' Motion To Remand and paragraph 2 herein.

13-14. Admitted.

15. Denied. The allegation contained in this paragraph is a conclusion of law to which no response is required. Therefore, strict proof is demanded. By way of further answer, because Plaintiffs have never made a written demand in excess of fifty thousand ($50,000.00) dollars, the jurisdictional amount is clearly not satisfied.

16-17. Admitted. By way of further answer to the allegation contained in paragraph 17, Plaintiffs have never made a written demand in excess of fifty thousand ($50,000.00) dollars.

18. Denied. The allegation contained in this paragraph is specifically denied. Therefore, strict proof is demanded. By way of further answer, *see* paragraph 2 herein.

19. Admitted. By way of further answer, *see* paragraph 2 herein.

20. Denied. The allegation contained in this paragraph is specifically denied. Therefore, strict proof is demanded. By way of further answer, *see* paragraph 2 herein.

21. Admitted.

22. Denied. The allegation contained in this paragraph is specifically denied. Therefore, strict proof is demanded.

23. Because no allegation is made, no answer is required. By way of further answer however, Defendants' position is clearly untenable.

24. Denied. The allegations contained in this paragraph are specifically denied. Therefore, strict proof is demanded. By way of further answer, *see* paragraph 2 herein.

25. Because no allegation has been made, no answer is required. By way of an answer however, there is no authority in the law to cap a remanded matter at $75,000.00.

**WHEREFORE,** because Defendants have not shown that the parties are diverse other than by bare allegations, and because Plaintiffs never made a written demand in excess of fifty thousand ($50,000.00) dollars, this matter is not removable.

Gorberg, Gorberg and Zuber

Dated: _____                                    BY: _____
                                                       Andrew H. Gaber, Esquire
                                                       I.D. # 46905
                                                       1234 Market Street
                                                       Suite 2040
                                                       Philadelphia, PA 19107
                                                       (215) 563-7210

3

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID THOMPSON and<br>AISHA THOMPSON | : CIVIL ACTION<br>:<br>: |
| vs. | : NO. 02-CV-4656<br>: |
| MACY'S NORTHEAST, INC. trading<br>and d/b/a MACY'S and<br>FEDERATED DEPARTMENT<br>STORES, INC. d/b/a MACY'S | :<br>:<br>:<br>:<br>: |

**<u>AFFIDAVIT</u>**

COMMONWEALTH OF PENNSYLVANIA :
: ss.
COUNTY OF PHILADELPHIA :

I, ANDREW H. GABER, ESQUIRE, due depose and state the following:

1. The Case Management Conference Memorandum submitted by me on behalf of Plaintiffs in this matter at the Case Management Conference on July 8, 2002, in the Philadelphia County Court of Common Pleas, did not have any amounts written or typed in in the demand and offer portion of the Memorandum; and

2. A true and correct copy of the Case Management Conference Memorandum which Plaintiffs submitted to the Case Management Manager at the Case Management Conference on July 8, 2002, was attached to Plaintiffs' Motion to Remand as Exhibit "B".

                                          GORBERG, GORBERG & ZUBER

                                          By: _____
                                                ANDREW H. GABER, ESQUIRE
                                                Attorney for Plaintiffs

SWORN TO AND SUBSCRIBED BEFORE ME
THIS _____ DAY OF _____, 2002.

_____
    NOTARY PUBLIC