IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID THOMPSON and AISHA THOMPSON, | : : : : | CIVIL ACTION<br><br>NO. 02-CV-4656 |
| Plaintiffs, | : : | |
| v. | : : | |
| MACY'S NORTHEAST, INC. trading and d/b/a MACY'S and FEDERATED DEPARTMENT STORES, INC. d/b/a MACY'S, | : : : : | |
| Defendants. | : | |

**ORDER**

AND NOW, this              day of October, 2002, upon consideration of the Motion of Plaintiffs David and Aisha Thompson to Remand this Action to State Court and the response of Defendants Macy's Northeast, Inc. and Federated Department Stores, Inc. in opposition thereto, it is hereby ORDERED that the Motion is GRANTED and this case is REMANDED to the Court of Common Pleas of Philadelphia County.[1]

---

[1] Under 28 U.S.C. § 1446(b), removal is appropriate when a defendant first ascertains after receipt of a copy of an amended pleading, motion, order, or other paper that the case has become removable and files a notice of removal within 30 days of the initial discovery.
   In reviewing a motion to remand, the court must construe the removal statutes strictly and resolve all doubts in favor of remand. Boyer v. Snap-On-Tools, 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 111 S. Ct. 959 (1991). District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and there is diversity in citizenship. 28 U.S.C. § 1332 (2002). The party seeking removal has the burden of showing that federal subject matter jurisdiction exists, filing of the notice of removal was timely, and that removal is proper. McPherson v. Peele Co. & Miller Elevator Serv. Co., 94-6280, 1995 WL 56600, at *2 (E.D. Pa. Feb. 6, 1995). Ruling on whether an action should be

BY THE COURT:


_____
J. CURTIS JOYNER,         J.

---

remanded to the state court from which it was removed, the district court must focus on the Plaintiff's Complaint at the time of the petition for removal was filed. Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

Defendants contend that the amount in controversy exceeded $75,000 based on the Case Management Conference on July 8, 2002. Defendants' Case Management Memorandum shows a demand amount of $85,000; however, that amount was handwritten and only appeared on the Defendants' memorandum. This Court must determine whether a handwritten notation on Defendants' Case Management Memo sufficiently constitutes "other paper" under § 1446(b). Although the Third Circuit has not ruled on what constitutes "other paper," this Court finds that a handwritten notation on Defendants' Case Management Memorandum is not within the meaning of "other paper". See Gottileb v. Firestone Steel Prod. Co., 524 F. Supp. 1137, 1139 (E.D. Pa. 1981)(holding that a Pretrial Memorandum did not satisfy the "other paper" requirement); James v. Elec. Data Sys. Corp., 98-CV-1583, 1998 WL 404817, at *3 (E.D. Pa. July 15, 1998)(finding that an Arbitration Memo did not satisfy the "other paper" requirement); see also Bonell v. Seaboard Air Line R.R. Co., 202 F. Supp. 53, 55 (N.D. Fla. 1962)(finding that "other paper" meant paper which was filed of record in state court). In addition, the "other paper" requirement cannot be met by reference to conversations between counsel. See Gottileb, 524 F. Supp. at 1139. Since Defendants' Case Management Memo does not fall within the meaning of other paper, Defendants have not shown that the amount in controversy exceeded $75,000. Therefore, Defendants have not met the burden of subject matter jurisdiction and removal was improper.

Accordingly, since removal of this action from the Philadelphia Court of Common Pleas by Defendants Macy's Northeast, Inc. and Federated Department Stores, Inc. was improper under 28 U.S.C. § 1446(b), the Motion to Remand is GRANTED and we REMAND this matter back to the state court.